**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walnut Creek Estates Development Company, L.L.P., an Arizona limited liability partnership; McAlister Investments, a California corporation; and Dunton & Dunton, L.L.P., an Arizona limited liability partnership,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>American Land Management, L.L.C., a South Dakota limited liability company; Rhodes Design and Development Corporation, a Nevada corporation; Desert Communities, Inc., a Nevada Corporation; William F. Bowers and Jane Doe Bowers, husband and wife; and Matt Lawson and Jane Doe Lawson, husband and wife,<br><br>　　　　　Defendants. | No. CIV-05-0530-PCT-MHM<br><br>**ORDER** |

Currently before the Court are Plaintiff's Motions to Remand, (Dkt. ##9, 12); and Defendants' Motion for Partial Summary Judgment, (Dkt. #18).  Having reviewed the motions the Court enters the following order.

## I.     Factual & Procedural Background

On January 20, 2005, Plaintiff filed an Amended Civil Complaint in the Superior Court of the State of Arizona in and for the County of Mohave, alleging breach of contract, common law fraud, intentional misrepresentation, and specific performance.  On February

1  16, 2005 Defendants removed this action to the United States District Court District of
2  Arizona on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

3  **II.    Legal Standard**

4  Civil actions not involving a federal question are removable to a federal district court
5  only if there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1) (2005).
6  Section 1332 requires complete diversity of citizenship, that is, each plaintiff's citizenship
7  must be diverse to each defendant's citizenship. Id.  However, a defendant may remove a
8  civil action that alleges claims against a non-diverse defendant when that defendant has been
9  fraudulently joined. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987).
10  "[F]raudulent joinder is a term of art. If the plaintiff fails to state a cause of action
11  against a resident defendant, and the failure is obvious according to the settled rules of the
12  state, the joinder of the resident defendant is fraudulent." Ritchey v. Upjohn Drug Co., 139
13  F.3d 1313, 1318 (9th Cir.1998) (citations omitted).  On a motion to remand, the removing
14  defendant faces a strong presumption against removal, and bears the burden of establishing
15  that removal was proper by a preponderance of evidence. Sanchez v. Monumental Life Ins.
16  Co., 102 F.3d 398, 403-404 (9th Cir.1996).  Therefore, the defendant carries a high burden
17  of establishing that the non-diverse party was fraudulently joined. See Gaus v. Miles, Inc.,
18  980 F.2d 564, 564(9th Cir.1992).  In determining whether a non-diverse defendant has been
19  improperly joined, courts may look beyond the pleadings and examine the factual record.
20  McCabe, 811 F.2d at 1339.

21  **III.   Discussion**

22  It is undisputed William Bowers is a citizen of Arizona.  At issue, is whether William
23  Bowers was fraudulently joined to this action, and therefore, the Court should disregard his
24  citizenship for diversity jurisdiction purposes.  Defendants argue Plaintiffs have failed to
25  state a viable claim against William Bowers because the Amended Complaint fails to plead
26  fraud with particularity as required under Rule 9(b).

27  Rule 9(b) requires that, "in all averments of fraud or mistake, the circumstances
28  constituting fraud or mistake shall be stated with particularity." FED. R. CIV. PRO. 9(b)

1  (2004). "Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with
2  particularity the time, place, and manner of each act of fraud, plus the role of each defendant
3  in each scheme." <u>Lancaster Cmty Hosp. v. Antelope Valley Dist.</u>, 940 F.2d 397, 405 (9th Cir.
4  1991).

5  Plaintiffs allege that in October 2004, Plaintiff Walnut Creek and Rhodes Design
6  entered into a binding agreement to jointly purchase the Yandell Trust property and after
7  purchase divide the property. Am Compl. ¶¶12-15. The Amended Complaint goes on to
8  outline the details of the alleged agreement. <u>See</u> Am Compl. ¶¶16-24. Plaintiffs maintain
9  "Defendants engaged in a pattern of activity, the intent and effect of which was to purchase
10 the Yandell real property without honoring the terms of the Agreement and the obligation to
11 transfer the Property to Plaintiffs," <u>Id.</u> at ¶24. While the Amended Complaint does not allege
12 Defendant Bowers was a party to the agreement, it does delineate the agreement, target of
13 the agreement, and specific acts Defendant Bowers allegedly took in furtherance of the
14 scheme. <u>See</u>, ¶¶24, 29.

15 Furthermore, although Defendant Bower's specific role in the transaction or various
16 entities is not outlined in the Amended Complaint, a pleading defect that may be curable
17 under state law, and that could be cured in state court after remand does not equate to the
18 total inability to establish a cause of action in state court which is required by fraudulent
19 joinder jurisprudence. The Fifth Circuit reached a similar conclusion in <u>Hart v. Bayer Corp.</u>,
20 199 F.3d 235 (5th Cir.2000). In <u>Hart</u>, the defendants contended that the plaintiffs' claim
21 against the non-diverse defendant was insufficient because it lacked Rule 9(b) particularity
22 and that removal was therefore proper. <u>Id.</u> at 247 n. 6. The Fifth Circuit disagreed, stating
23 that "such deficiencies do not normally justify dismissal of the suit on the merits and without
24 leave to amend." <u>Id.</u>

25 Based on the pleadings before it, it appears any deficiency in allegations against
26 Defendant Bowers could be cured by prefacing each paragraph "Defendants and each of
27 them" or with clarification as to Defendant Bowers' role in the various entities. While the
28 Court is mindful of the impact of the "voluntary-involuntary rule," which bars removal after

1  dismissal of a nondiverse defendant unless the dismissal resulted from a voluntary act of
2  Plaintiff, Defendants have failed to meet their high burden of establishing that the
3  non-diverse party was fraudulently joined.
4  **Accordingly,**
5  **IT IS HEREBY ORDERED** Plaintiff's Motions to Remand are GRANTED. (Dkt.
6  ##9, 12).
7  **IT IS FURTHER ORDERED** remanding this matter to the Superior Court of the
8  State of Arizona in and for the County of Mohave.
9  DATED this 22nd day of September, 2005.

_____
Mary H. Murgula
United States District Judge

- 4 -